Next your argument in case. Mr. Kian. Good morning, Your Honor. I am pleased to call. My name is William Kian, representing the petitioner. This is a pre-real ID Act case, asylum case. And I would like to remind the Court that the applicant is a woman who has only six years of elementary school education. And the judge first found her not eligible for asylum because of the one-year rule. And we are not appealing on that issue. So the only issue left is whether she is eligible for withholding of removal, given the fact that she claims that she had suffered a forced abortion in the past for violation of China's one-child policy. Now, the judge based adverse credibility on, in my opinion, on minor issues, such as whether the alien claimed that she came from, she lived in a village, versus her cousin's testimony that she came from a village instead of a city. Well, counsel, ordinarily that might seem completely trivial. But I believe there's also evidence that suggests that the Chinese government had different policies in big cities versus small towns or rural areas. And why wasn't it permissible for the IJ to conclude that this, the way in which she couched it, was designed to amplify or assist her claim? But the facts, the evidence presented to the immigration judge through her authenticated Chinese documents, such as her household registration, her birth certificate, her children, two of them birth certificates, they were authenticated by the U.S. consulate in Guangzhou, China, where she lived. And those documents all indicated that she lived in the city of Anping and not in a village. And since the U.S. consulate there authenticated these documents, that evidence speaks for itself. So if the judge still insists that the woman, that the African lied on whether she lived in a city or a village, so I think that document, those authenticated documents will prove that she did not lie. On the other hand, the judge also picked on her for whether, when she said she hid in a village, and yet on the other hand she said she was going to give birth to the child at home. So the judge said that if you hide in a village, why do you go back to your own home to deliver your baby? I can only say that this is a home birth versus a hospital birth. When the petitioner said she wants to have the baby born at home, which simply means that she will have a midwife help her secretly have the child born at home instead of in a hospital. So I think this is, again, a minor point. The only material inconsistency that the judge identified himself is the petitioner said her birth, her abortion was performed in a hospital, and yet the judge said that, no, you testified before the birth was supposed to be in a clinic or in a family planning office, not a hospital nor a clinic. However, the petitioner did carefully explain that the family planning office is just an administrative office. She described it as a three-room office, even with a kitchen, and with a few family planning officials working in the office. She testified that she was forcibly detained in the office for three days, taken to the hospital by four people by car. So it's away from the family planning office, so the abortion was done in a clinic, and the sterilization could not be performed because the clinic was an outpatient clinic, and sterilization would involve inpatient care. So the judge said that this is the one and only material inconsistency, but the respondent, the petitioner, has explained already that it's not an inconsistency because abortion could not be performed in a family planning office. So these are the only few points that the judge draws on when he finds adverse credibility. So the final issue is whether forced abortion, if it's true, entitles the petitioner to withholding of removal, and this honorable court has granted many cases like this. The court grants withholding, asylum and withholding to people who are victims of forced abortion, and this is not a new issue anymore. So thank you very much, Your Honor. Thank you. Ms. Bosk? May it please the Court? I'm going to apologize to the Court. The he that I was given is not this petitioner. So it is an adverse credibility determination, but not the one that is apparently before the Court today. So I don't know what to say, except that my apologies. How do you pronounce your name? Bosk, B-O-S-K-U-E. Okay. But the he that I'm prepared to talk about is not the petitioner that this Court is hearing today. I will obviously go back to my office and figure out how this mistake was made, and again, I apologize. And if the Court would like us to submit something in writing, I'm happy to do that. I just don't know what else to say. I think it's adequately briefed. Okay. I'm sorry. Thank you. Thank you. That's a very uncomfortable position. Yes. All right.
judges: Rymer, Graber, Bea